TONY CALANDRA, PETITIONER-DEFENDANT IN CERTIORARI, v. STANDARD BITULITHIC COMPANY, A CORPORATION, RESPONDENT-PROSECUTOR IN CERTIORARI.

Submitted May 15, 1931—Decided November 30, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor in *certiorari, Riker & Riker (Andrew Van Blarcom,* of counsel).

For the defendant in *certiorari, Julius Barr.*

PER CURIAM.

This is a writ of *certiorari* bringing up for review a judgment of the Essex Pleas which affirmed an award to the petitioner in the workmen's compensation bureau.

It appears that the petitioner was working for the prosecutor, the Standard Bitulithic Company, and to the knowledge of the company was injured; that the petitioner was illiterate and could neither read nor write; that when he went to work he was requested to sign a paper which turned out to be a notice, written in English, that section 2 of the Workmen's Compensation act did not apply, with an admission at the foot thereof of the receipt of a copy, below which the petitioner made his mark. This paper was presented to the petitioner for signing on the street where the work of the company was being performed. No copy of the paper was given him. This is admitted.

The foreman who obtained his mark testified that he told the petitioner "that the paper was if he got hurt, no get pay," and "I told him if anybody got hurt the company did not pay them anything."

As we view the matter it is unnecessary to determine the legal effect of that testimony if true, because it was evidently rejected in the courts below, where it was evidently considered that the petitioner's version of what occurred was the true version. The petitioner denied that the paper was explained to him as above stated. He says that all that was said to him was this: "Sign this paper if you want to work;" "sign here the paper and after go to work." He says there was no other explanation. We think that his version, considered in the light of the surrounding circumstances, is the true version. That being so, we think it was entirely competent for the courts below to determine, as they did, that the petitioner was not bound by the paper, because the statement made to him naturally conveyed to him the impression, which was false, that this paper which he signed was a mere application for work.

We think that the petitioner was not estopped from denying that the contract was governed by the provisions of sec-

tion 1 of the act, by reason of the fact that he began a suit in the Essex Circuit Court on account of his injury, which suit resulted in a nonsuit.

Lastly the company says that it was error to exclude from evidence the record of the action in the Circuit Court. But this contention involves a mistake as to the fact. The state of the case shows that the record was admitted in evidence.

The judgment brought up will be affirmed, with costs.